THE SOUTHERN TURPENTINE COMPANY, A CORPORATION, *Plaintiff in Error*, v. MARCO DOUGLASS, *Defendant in Error*.

1. The doctrine of assumption of risk is distant from that of contributory negligence, and rests upon an implied or express agreement from the circumstances of the employment, that

the master shall not be liable for any injury incident to the service resulting from a known or obvious danger arising in the performance of the service.

2. Assumption of risk may be made available as a defense in actions for damages by a servant for injuries received in the course of his employment; but it is an affirmative defense and should be specially pleaded and proven by the defendant.

3. A servant does not assume the risk of accident and injury due to the failure of the master to exercise reasonable care in furnishing him with a reasonably safe place to do his work, but he does assume all risks which are necessarily incident to his employment, or which are obvious or known to him.

4. Subject to the rule that he does not assume risks created by reason of the master's negligence, a servant cannot recover for injuries resulting from defective or dangerous machinery or appliances, where the risks are incident to the employment, or are known, or ought to be known by him.

5. Where the master and the servant are possessed of equal knowledge or means of knowledge of defects in machinery used and in dangers incident to its use, the servant assumes the risk where he is normally competent to act for himself.

6. To authorize the striking out of a plea on motion, it must not only be informal and bad, but it must be wholly irrelevant.

7. Where a plea has been erroneously stricken a reversal of the judgment may follow unless it clearly appears that no harm has resulted therefrom to the party complaining of it.

8. A motion to strike a plea relates only to matter in the record proper, as no exception to the ruling thereon is necessary.

9. A plea insufficient in substance may be disposed of by demurrer. A plea defective in form may be reached by proper motion under the statute.

10. Where facts averred in a special plea may as a matter of

right be shown under other pleas in the case, harm may not result from striking the special plea.

This case was decided by Division A.

Writ of error to the Circuit Court for Bradford County.

The facts in the case are stated in the opinion of the court.

*J. E. Futch* and *A. V. Long,* for Plaintiff in Error;

*W. W. Hampton* and *D. E. Knight,* for Defendant in Error.

WHITFIELD, C. J.—Marco Douglass recovered a judgment for the death of her husband, Willie Douglass, caused by the explosion of a retort in the turpentine distillery plant of the plaintiff in error, and writ of error was taken. Sections 3145 and 3146 General Statutes of 1906 provide for such an action.

The negligence of the defendant as alleged is that "by reason of the defective retort or vat, which had upon it a broken or cracked top or cap, and on account of the lack of sufficient bolts to hold the same in place to withstand an undue amount of pressure of steam, and on account of an overpressure of steam, all of which defects and undue pressure of steam were without the knowledge of the said Willie Douglass, the cap or top of the said vat or retort was exploded and blown off, and the said Willie Douglass was fatally burned scalded by the steam and hot liquid escaping from said retort," from the effects of which Willie Douglass died.

Among the pleas filed were a plea of not guilty and the

following "and for a fifth plea unto the said declaration, the defendant says that the decedent, the said Willie Douglass, had been in its service for a long time immediately prior to his death, and that he was well acquainted with the character and nature of the work required of him and with the danger and risk incident thereto, which said danger and risk were as patent and obvious to him as to this defendant." A motion was granted to strike the 5th plea because it amounted to the general issue and because it was so framed as to prejudice, embarrass and delay a fair trial of the cause. Error is assigned on this ruling.

The doctrine of assumption of risk is distinct from that of contributory negligence, and rests upon an implied or express agreement from the circumstances of the employment, that the master shall not be liable for any injury incident to the service resulting from a known or obvious danger arising in the performance of the service.

Assumption of risk may be made available as a defense in actions for damages by a servant for injuries received in the course of his employment; but it is an affirmative defense and should be specially pleaded and proven by the defendant. A servant does not assume the risk of accident and injury due to the failure of the master to exercise reasonable care in furnishing him with a reasonably safe place to do his work, but he does assume all risks which are necessarily incident to his employment, or which are obvious or known to him. Subject to the rule that he does not assume risks created by reason of the master's negligence, a servant cannot recover for injuries resulting from defective or dangerous machinery or appliances, where the risks are incident to the employment, or are known, or ought to be known, by him. German-

American Lumber Co. v. Brock, 55 Fla., 577, 46 South.
Rep., 740; Atlantic Coast Line R. Co. v. Beazley, 54 Fla.,
311, 45 South. Rep., 761; 26 Cyc., 1185-6. Where the mas-
ter and the servant are possessed of equal knowledge or
means of knowledge of defects in machinery used and in
dangers incident to its use, the servant assumes the risk
where he is normally competent to act for himself. 26
Cyc., 1202. To authorize the striking out of a plea on
motion, it must not only be informal and bad, but it must
be wholly irrelevant. Hubbard & Hood v. Anderson, 50
Fla., 219, 39 South. Rep., 107. A plea thàt is only want-
ing in explicitness or fullness should not be stricken out
on motion. In such a case the proper method of attack
is by demurrer or a motion for compulsory reformation.
When a good defense is defectively stated it should not be
stricken out on motion. Russ v. Mitchell, 11 Fla., 80;
Southern Home Ins. Co. v. Putnal, 57 Fla., 199, 49 South.
Rep., 922. Where a plea has been erroneously stricken
a reversal of the judgment may follow unless it clearly
appears that no harm has resulted therefrom to the party
complaining of it. Seaboard Air Line Co. v. Rentz, de-
cided at the last term.

While the 5th plea may not be perfect in form it is not
wholly irrelevant or improper. It was not subject to the
grounds of the motion to strike addressed to it, since it at
least tended to raise the special issue of assumed risk.
See Louisville & N. R. Co. v. Orr, 84 Ind., 50. As the mo-
tion to strike the plea relates only to matter in the record
proper, no exception to the ruling on the motion is re-
quired. Barnes v. Scott, 29 Fla., 285, 11 South. Rep., 48.

If the 5th plea is insufficient in substance it could have
been demurred to. If it is defective in form a motion for
compulsory amendment was the remedy, not a motion to
strike. Southern Home Ins. Co. v. Putnal, 57 Fla., 199,

49 South. Rep., 922.    This conclusion is not in conflict with the decision in Flowers v. Louisville & N. R. Co., 55 Fla., 603, 46 South. Rep., 718.

As the 5th plea was erroneously stricken, and as it does not appear from the whole record that no harm therefrom resulted to the plaintiff in error the judgment should be reversed.

The facts alleged in the 7th plea which was stricken could have been shown under the plea of not guilty or under the special plea numbered six, therefore no harm resulted from striking the 7th plea.

The judgment is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.