COONEY-ECKSTEIN COMPANY, A CORPORATION, *Plaintiff in Error*, v. ED KING, *Defendant in Error*.

Opinion Filed February 24, 1915.

1. In passing upon an assignment based upon the overruling of a demurrer to a declaration, or other pleading, an appellate court will consider only such grounds of the demurrer as

are argued, treating the other grounds as having been abandoned.

2. A declaration in an action at law wherein it is sought to recover damages for personal injuries alleged to have been sustained by reason of the defective condition of a wharf is not subject to demurrer on the ground that it fails to allege that the defendant was the owner or occupant of the wharf at the time the alleged injury was sustained by the plaintiff by reason of the defective condition of such wharf, when it is positively alleged therein that the defendant "had exclusive control and amanagement" of the wharf at such time. If the defendant had the exclusive control and management of the wharf, that is sufficient to make it liable for injuries occasioned by reason of its defective condition.

3. The common law rule of liability of lessees who have control or occupancy of premises, for injuries caused by the defective or dangerous condition of the premises where such defective or dangerous condition reasonably should have been known to and remedied by the occupying tenant, is in force in this State.

4. All the points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration.

5. In an action at law wherein it is sought to recover damages for personal injuries alleged to have been sustained by reason of the defective condition of a wharf, if the defendant conceives that the description of such wharf is insufficient to enable it to plead with certainty to the declaration, it should apply to the court to have the declaration amended in such particular.

6. There is a clear distinction in the functions performed by a motion to strike out or for the compulsory reformation of a pleading and a demurrer thereto, and this distinction should be observed. They cannot be used interchangeably and in-

discriminately employed, as they are governed by essentially different rules of procedure.

7. Contributory negligence is an affirmative defense and need not be negatived in the declaration.

8. Where a single assignment of error attacks the ruling of the trial court in sustaining a demurrer to four separate pleas, an appellate court in passing thereon need go no further than to ascertain that the demurrer was properly sustained to any one of such pleas, as, the assignment being single, must fail, unless all of the pleas are good.

9. At common law the tenant and occupier of premises is bound, as between himself and the public, to keep the premises in such condition that they will be reasonably safe for persons who go lawfully upon the premises, by express or implied invitation; and such tenant or occupier is *prima facie* liable for damages caused by defects in or dangers on the premises that reasonably could have been avoided by appropriate care taken by the tenant or occupier. This is the law even though the lessor covenanted to keep the premises in repair.

10. As a general rule, the doctrine of assumption of risk pertains to controversies between masters and servants; though circumstances may arise between parties other than masters and servants when the doctrine may apply.

11. As a general rule, assumption of risk rests upon contract, and is only available as a defense by reason of the contract.

Writ of error to Circuit Court for Duval County; D. A. Simmons, Judge.

Judgment affirmed.

*J. E. & Julian Hartridge,* for Plaintiff in Error;

*J. M. Carnson,* for Defendant in Error.

SHACKLEFORD, J.—This case has been here once before. For the former opinion see 66 Fla. 246, 63 South. Rep. 659. As we stated therein, "In an action to recover compensatory damages for personal injuries alleged to have been caused by the negligence of the defendant corporation, the court directed a verdict for the defendant; and to a judgment rendered on the verdict, the plaintiff took writ of error." This judgment we reversed for the reasons stated in the opinion. Upon the going down of the mandate, the case came on again for trial upon the same pleadings and the issues thereby made. By stipulation of counsel for the respective parties the case was submitted to the Circuit Judge for trial and determination without a jury. Such stipulation further provided that the testimony as contained in the transcript upon the former writ of error should be used, and as a matter of fact, no other testimony was adduced by either party, except as to the measure of damages. The trial court found as a matter of law that the plaintiff was entitled to recover and assessed his damages at the sum of $2,000.00, for which amount judgment was rendered, which judgment the defendant has brought here for review.

The firs tassignment is based upon the overruling of the demurrer interposed to the declaration. The demurrer contains eight grounds or "substantial matters of law intended to be argued," but we shall discuss only such of the grounds as are insisted upon here, treating the other grounds as having been abandoned. Jacksonville Electric Co. v. Schmetzer, 53 Fla. 370, 43 South. Rep. 85. It is contended that the declaration is defective because it fails to allege that the defendant was the owner or occupant of the wharf at the time the alleged injury was sustained

by the plaintiff by reason of the defective condition of such wharf. We are of the opinion that the contention is without merit, since the declaration positively alleges that the defendant "had exclusive control and management" of the wharf, which was in bad repair and had been for a long space of time prior to the injury, that the defendant knew, or should have known, of such defective condition, and negligently and carelessly failed to repair the same, and that the plaintiff was lawfully upon such wharf at the time the injury occurred by the permission and invitation of the defendant. Ownership of the wharf by the defendant was not necessary in order to render the defendant liable for the injury. This point was decided adversely to the defendant in the former opinion, which has become the law of this case. See Paul v. Commercial Bank, decided here at the present term. If the defendant had the exclusive control and management of the wharf, that is sufficient to make it liable for injuries occasioned by its defective condition. It is sufficient to refer to the reasoning and the authorities cited in our former opinion. As we held therein, "The common law rule of liability of lessees who have control or occupancy of premises, for injuries caused by the defective or dangerous condition of the premises where such defective or dangerous condition reasonably should have been known to and remedied by the occupying tenant, is in force in this State."

It is further contended that the declaration is defective in that the wharf upon which the accident is alleged to have occurred is not particularly or sufficiently described so as to put the defendant "upon sufficient notice to make it possible for it to plead with certainty." Even so, this would not constitute a ground for a demurrer. Different

functions are performed by a demurrer, a motion to strike out and a motion for the compulsory amendment of a pleading, as we held in Southern Home Insurance Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922. If the defendant conceived that the description of the wharf was insufficient to enable it to plead with certainty to the declaration, it should have applied to the court to have the declaration amended in such particular. City of Orlando v. Heard, 29 Fla. 581, 11 South. Rep. 182.

It is still further contended that the allegations of the declaration are so framed that the plaintiff was shown to have been guilty of contributory negligence. This contention has not been sustained. As we have several times held, contributory negligence need not be negatived in the declaration. City of Orlando v. Heard, *supra;* Morris v. Florida Cent. & P. R. R. Co., 43 Fla. 10, 29 South. Rep. 541; Hainlin v. Budge, 56 Fla. 342, 47 South. Rep. 825. See also note and authorities cited therein on page 1201, *et scq.* of 33 L. R. A. (N. S.). This disposes of all the grounds of the demurrer which are urged before us, consequently this first assignment must be held to have failed.

The second assignment is based upon the sustaining of the demurrer interposed to the second, third, fourth and fifth pleas. In Daniel & Finley v. Siegel-Cooper Co., 54 Fla. 265, 44 South. Rep. 949, we held as follows: "Where a single assignment of error attacks the ruling of the Circuit Judge striking four separate pleas, and this court finds that the Circuit Judge acted properly in striking one of those pleas, it will not go further in considering the single assignment of error." See also the discussion in Williams v. State, 58 Fla. 138, 50 South. Rep. 749, as to

the necessity for particularity in the assignments of error. It logically follows from our holding in Daniel & Finley v. Siegel-Cooper Co., *supra*, that, if we should find that the Circuit Judge acted properly in sustaining the demurrer to any one of the pleas in question, we need not go further in considering this assignment, as, the assignment being single, unless all of such pleas are good, it must fail. See also Western Ry. of Alabama v. Arnett, 137 Ala. 414, 34 South. Rep. 997, and Alabama Great Southern R. R. Co. v. Clark, 145 Ala. 459, 39 South. Rep. 816. The discussion in the opinion rendered by Mr. Justice McCLELLAN on rehearing in Cahaba Coal Co. v. Elliott,        Ala.        , 62 South. Rep. 808, will also prove of service. The fourth plea in question is as follows: "And for a fourth plea to the declaration the defendant says that E. O. Painter Fertilizer Company, a corporation, is the lessor and owner of said wharf in the declaration mentioned, and that said defendant lessee thereof, as a licensee to use said wharf in common with others, and that the said lessor and owner of said wharf is and was at the time of sustaining of the injuries alleged in the declaration, responsible for the care and repair of said wharf, and not this defendant." As we expressly held in the former opinion and as we have also stated above, the fact that the defendant was not the owner of the wharf does not affect its liability. There is no occasion to say more. This assignment has not been sustained.

The third assignment is as follows: "The court erred in sustaining the plaintiff's demurrer to the first and second additional pleas filed by leave of the court October 6th, 1914."

Such first and second additional pleas, which were filed

by leave of the trial court after the former judgment had been reversed by this court, are as follows: "For a first additional plea the defendant says that the plaintiff was employed by the Atlantic Coast Forwarding Company to load certain lumber located on a dock leased by defend- ant, into a vessel moored at said dock, in the capacity of foreman of a stevedore's gang and as a stevedore, and was in charge and control of the men doing the work, and had been engaged in the work of loading said lumber from said dock into said vessel for a long period immediately before the happening of the accident complained of, and that there was during this period the same apportunity offered and open to the plaintiff to ascertain the danger- ous condition of the dock as was open to the defendant.

And for a second additional plea the defendant says that the plaintiff was engaged under employment of the Atlantic Coast Forwarding Company in work upon a dock leased by defendant, for a long period of time imme- diately before the happening of the accident complained of, and was well acquainted with the character and nature of the work in which he was engaged and the dan- ger and risk incident thereto, and that said danger and risk were as patent and obvious to the plaintiff as they were to the defendant."

The defendant has placed an erroneous construction upon our former opinion, especially upon the following paragraph: "The plaintiff did not assume the risks in- cident to the negligence of the lessee in not having the dock in safe condition, when the danger was not obvious and was unknown to the plaintiff. Assumption of risk and contributory negligence when available are affirma- tive defenses; and neither appears in the evidence." It will be observed, not only did we not hold that assump-

tion of risk and contributory negligence were available as defenses in the instant action, but that "neither appears in the evidence." We would again call attention to the fact that, by agreement of counsel, the same evidence was used at this second trial. For a discussion concerning the doctrine of assumption of risk and when the same is available as a defense, see Southern Turpentine Co. v. Douglass, 61 Fla. 424, 54 South. Rep. 385. We would also refer to Tinkle v. St. Louis & San Francisco R. R. Co., 212 Mo. 445, 110 S. W. Rep. 1086, from which we copy the following excerpt: "As a general rule, the doctrine of assumption of risk pertains to controversies between masters and servants, though circumstances may arise between parties other than masters and servants when the doctrine may apply; but such defense is never available unless it rests upon contract; 'or, if not exclusively on contract, then on an act done so spontaneously by the party against whom the defense is invoked that he was a volunteer, and any bad result of the act must be attributed to an exercise of his free volition, instead of to the conduct of his adversary. * * * The word 'assumption' imports a contract, or some kindred act of an unconstrained will. Whenever a man does anything dangerous he encounters the risk, but it by no means follows that, legally speaking, he assumes the risk.' (Fillingham v. Railroad, 102 Mo. App. 1. c. 580.) There is nothing disclosed by the record in this case which removes it from the operation of the general rule, or which would justify the conclusion that the plaintiff assumed the risk. Moreover, the doctrine does not apply when the injury is occasioned by the negligence of the defendant."

The demurrer to these pleas was properly sustained.

The fourth assignment is based upon the denial of the

defendant's motion for a finding in its favor. No error is made to appear here. Upon the same evidence we held in our former opinion that the trial court erred in directing a verdict for the defendant. There is also a clear intimation therein that upon that evidence the verdict might well have been for the plaintiff.

The fifth assignment is based upon the overruling of the motion for a new trial. The sixth assignment is that "the court erred in finding as a matter of law that the plaintiff was entitled to recover in this case," while the seventh and eighth assignments question the correctness of the finding upon the facts and in rendering judgment in favor of the plaintiff. We see no occasion for a discussion of these assignments, but would again refer to our former opinion. No contention is made that the testimony did not support the amount of damages to which the court found that the plaintiff was entitled.

The judgment must be affirmed.

TAYLOR, C. J., AND COCKRELL, WHITFIELD AND ELLIS, JJ., concur.