LIVE OAK, PERRY AND GULF RAILROAD COMPANY, *Plaintiff in Error*, v. R. H. HOLMES, *Defendant in Error*.

Division A.

Opinion Filed February 28, 1925.

Petition for Rehearing denied April 2, 1925.

1. No judgment should be rendered against a railroad common carrier in a cause of action arising while the Federal Government had control of such railroad.

2. A cause of action at law based upon negligent operation of a railroad while it was in use or operation by the Federal Government, where prior to Federal control the action could have been brought against the carrier, should after the termination of Federal control be brought against an agent provided by the Transportation Act of 1920 to be appointed by the President of the United States.

A Writ of Error to the Circuit Court for Lafayette County; M. F. Horne, Judge.

Judgment reversed.

*John F. Harrell* and *J. M. Gornto,* for Plaintiff in Error;

*Hal W. Adams* and *W. P. Chavous,* for Defendant in Error.

ELLIS, J.—The defendant in error brought an action against the Live Oak, Perry and Gulf Railroad Company for damages for personal injuries alleged to have been sustained by him when a train moving upon the defendant's road ran into an automobile truck in which the plaintiff was riding, and which was standing on or near the railroad track at a road crossing when the train passed.

The amended declaration consists of two counts. In the first count it is alleged as a basis for recovery, First: That the road crossing was obstructed from view by trees, bushes and other obstructions; Second, That the railroad company neglected to place warning signs on each side of the crossing; Third, That it failed to place any rock, wood or other hard surface material on the crossing; Fourth, That the railroad negligently permitted the loose sand on the crossing to be "lower than the railroad" and "permitted holes to become in said loose sand between the rails." These conditions were alleged to be dangerous; that the plaintiff not knowing of the conditions undertook to cross the track with the truck and the fore wheels of which "became stuck and fastened between the rails of said railroad;" Fifth, That the defendant's train was operated negligently by being driven at a "high excessive and unlawful rate of speed;" Sixth, That those operating the train neglected to give any warning of its approach by "ringing the bell or sounding the whistle or anyo ther signals whatever." Under these conditions the train struck the truck and throwing the plaintiff therefrom bruised and injured him.

The second count alleges the negligence of the Railroad Company to have consisted of carelessly and negligently propelling and running its train.

A demurrer to these counts of the declaration was overruled.

The pleas upon which the parties went to trial were: First, not guilty; Second, plaintiff's negligence was the sole cause of the injury; Third, The plaintiff's failure to observe the rules of the road and not using his faculties of hearing and vision when undertaking to cross the railroad and not stopping and looking to ascertain whether the defendant's train was approaching was the proximate cause of the injury; and Fifth, The plaintiff attempted to drive the truck across the crossing in front of the approaching train.

There was a verdict for the plaintiff in the sum of two thousand dollars and a judgment was entered.

A motion for a new trial was denied and the defendant took a writ of error.

There was a sixth plea which averred that at the time of the alleged accident, November 12, 1918, the defendant's railroad was under the direction and control of the Federal Government by and through its Director General of Railroads, who was not made a party defendant to the action. The action was commenced in November, 1919.

This plea was stricken on motion.

The question presented by this plea is the liability of the railroad for a negligent act resulting in damages to the plaintiff which occurred while the road was under control of the Federal Government.

"By the establishment of the Railroad Administration and subsequent orders of the Director General, the carrier companies were completely separated from the control and management of their systems. Managing officials were 're-

quired to sever their relations with the particular companies and to become exclusive representatives of the United States Railroad Administration.' '' ''The railway employees were under its direction, and were in no way controlled by their former employers.'' ''It is obvious, therefore, that no liability arising out of the operation of these systems was imposed by the common law upon the owner-companies, as their interest in and control over the systems were completely suspended.'' See Missouri Pacific Ry. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. Rep. 593, 65 L. Ed. 1087; Pullman Co. v. Sweeney, 269 Fed. Rep. 764, 14 A. L. R. 230; Lancaster v. Morgan, (Tex. Civ. App.), 227 S. W. Rep. 524.

According to the recent cases no judgment should be rendered against a carrier in a cause of action arising during Federal control. See Morrell v. Northern Pac. R. Co., 46 N. D. 535, 179 N. W. Rep. 922; Ellis v. Atlanta, B. & A. Ry. Co., 270 Fed. Rep. 279; 5 Elliott on Railroads, 576.

Section 206 of the Transportation Act of 1920 provides that actions at law based on causes of action arising out of the possession, use or operation by the President of the railroads or any carrier of such character as prior to Federal control could have been brought against such carrier may, after the termination of Federal control, be brought against an agent designated by the President for such purpose, etc. See 5 Elliott on Railroads, 582.

The sixth plea was, therefore, a valid defense and should not have been stricken. See Guggenheimer & Co. v. Davidson, 62 Fla. 490, 56 South. Rep. 801; Southern Turpentine Co. v. Douglas, 61 Fla. 424, 54 South. Rep. 385; Oneida Land Co. v. Richard, 73 Fla. 884, 75 South. Rep. 412.

The judgment of the court should therefore be reversed.

It is so ordered.

TAYLOR, C. J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.