HOBSON, Justice
(dissenting).
This cause is before the court on petition for certiorari to review the decisions of the District Court of Appeal, First District, in Clark v. Ocala Gas Company, Fla.App.1960, 123 So.2d 391, 393, and a companion case of the same style, 123 So.2d 399.
In these suits the petitioner-plaintiff sued the respondent-defendant Gas Company to recover the damages sustained by her, as widow and personal representative, on account of the death of her deceased husband allegedly caused by the negligence of the gas company. Following jury verdicts and judgments entered thereon in favor of the defendant, she appealed to the District Court of Appeal, First District, alleging among others that the trial judge erred in denying her motion, made at the close of all the evidence, to withdraw from the jury’s consideration the defense of assumption of risk. In the decision brought here for review the appellate court reviewed the evidence and held, among others, (with one judge dissenting) that “the trial court did not commit error in refusing to withdraw the defense of assumed risk from the jury’s consideration. The judgment appealed from is accordingly affirmed.”
Petitioner contends here that the decision of the District Court of Appeal in this respect is in direct conflict with previous decisions of this court involving the defense of assumption of risk, notably City of Williston v. Cribbs, Fla.1955, 82 So.2d 150; Byers v. Gunn, Fla.1955, 81 So.2d 723; and Bartholf v. Baker, Fla.1954, 71 So.2d 480. It is well settled that, if such a conflict exists' — either by the adoption of an incorrect principle of law or from the application of a correct legal principle to reach a different result upon substantially similar facts — it is the duty of this court “to stabilize the law by a review of decisions which form patently irreconcilable precedents.” Florida Power & Light Co. v. Bell, Fla.1959, 113 So.2d 697, 699. We have concluded that the appellate court’s decision here reviewed shows on its face a direct conflict with the decisions of this court referred to above, and similar cases.
Plaintiff’s decedent, a former city manager of the City of Ocala and a long-time employee in the City’s sanitation department, met his death from an explosion which occurred in a sewer lift station during a routine inspection and testing thereof periodically made by him and his helper. The theory of plaintiff’s complaint against the gas company was that the com *194 pany negligently failed to repair a leak in a gas pipe which ran through a sewer main near the sewer lift station in question and allowed liquid petroleum gas to accumulate in the sewer main and lift station, which gas ignited and exploded when the decedent’s helper turned on the automatic float switch to see if the starter was in working order. It is conceded that the fatal explosion occurred when the electric motor was started, although the appellate court stated in its opinion that “[T]he evidence tending to prove that the fatal explosion resulted from an accumulation of liquified [sic] petroleum gas in the station is in conflict.”
The appellate court also stated that the evidence adduced by the parties at the trial, when “viewed in a light most favorable to defendant”, revealed that three other explosions had occurred at the same lift station about a year prior to the -fatal explosion; that the cause of the prior explosions was never definitely determined, although it was strongly indicated that they resulted from an accumulation of either sewer or liquid petroleum gas; that the plaintiff’s decedent knew of these prior explosions and that their origin was accumulated explosive gases of some nature; that the jury could have concluded “that decedent knew or should have known that subsequent explosions at this lift station might occur unless precautionary measures with which he was familiar were observed that for several weeks prior to the fatal explosion the odor of liquefied gas was prevalent in the vicinity of the lift station and that “whether the existence of this odor was known or should have been known to the decedent was a question for the jury”; that after the three prior explosions plaintiff’s decedent had non-explosive-proof electrical equipment installed in the lift station despite advice to the contrary, “which appliances he knew or should have known might emit sparks that would ignite any accumulated gas in the station, which ignition would inevitably be followed by another explosion”; that plaintiff’s decedent “entered the lift station for the purpose of starting and testing the electric motor located therein without first disconnecting the master switch located on the outside of the station, the disconnection of which was a .recommended safety precaution.” (The emphasis in the quotations is supplied.)
The appellate court held that “from the foregoing evidence, together with other pertinent facts revealed by the record, the jury could have lawfully concluded that decedent, under the circumstances shown by the record, voluntarily exposed himself to the known risk of the explosion which caused his death. It follows that the trial court did not commit error in refusing to withdraw the defense of assumed risk from the jury’s consideration. The judgment appealed from is accordingly affirmed.” Cited in support of this holding are the cases here .relied upon by petitioner, referred to above.
The cited cases stand for the proposition that, to sustain the defense of assumption of risk, it must be shown that (1) plaintiff had knowledge of the condition which created the peril, (2) appreciated the danger thereof, and (3) voluntarily exposed himself to the risk of injury from such dangerous condition. Bartholf v. Baker, Fla.1954, 71 So.2d 480; Byers v. Gunn, Fla.1955, 81 So.2d 723, 727. Assumption of risk involves a choice “made more or less deliberately and negatives liability.” Byers v. Gunn, supra. The plaintiff is “taken to consent that the defendant shall be relieved of responsibility. The legal position is then that the defendant is under no duty to protect the plaintiff.” Pros-ser on Torts, Sec. 51, p. 376, quoted in Jesters v. Taylor, Fla.1958, 105 So.2d 569, 571, in a specially concurring opinion.
In the instant case, the appellate court has noted in its opinion various facts from which the jury could have inferred that the plaintiff knew or should have known of the danger of an explosion if the motor in the lift station were started; and it is fairly *195 deducible from the cited cases that the element of “appreciation of the danger” being subjective, may be imputed to the plaintiff. Cf. City of Williston v. Cribbs, Fla.1955, 82 So.2d 150, 151. But, as stated in City of Jacksonville Beach v. Jones, 1931, 101 Fla. 95, 131 So. 369, 133 So. 562, 563, “ ‘Whenever a man does anything dangerous, he encounters the risk, but it by no means follows that, legally speaking, he assumes the risk.’ ” And we have found no case holding that the element of “knowledge of the condition creating the peril” may be other than actual knowledge — particularly where, as here, the perilous condition is alleged to have resulted from the negligence of the defendant. On the contrary, it appears to be well settled that knowledge of a perilous condition created by the negligence of the defendant cannot be imputed to the plaintiff in support of a plea of assumption of risk, see Cooney-Eckstein Co. v. King, 1915, 69 Fla. 246, 67 So. 918; Southern Turpentine Co. v. Douglass, 1911, 61 Fla. 424, 54 So. 385; Brady v. Kane, Fla.App.1959, 111 So.2d 472; Jesters v. Taylor, Fla.1958, 105 So.2d 569 (specially concurring opinion), although it has been said that, once plaintiff is fully informed of such negligence, then the risks arising from such negligence may be assumed. See Prosser on Torts, Sec. 51, p. 385; Labatt’s Master & Servant, 2nd ed., Vol. 3, Sec. 897. But cf. Restatement of Torts, Sec. 466, p. 1230, classifying this type of assumption of risk as a form of contribtuory negligence.
Here, the issue made by the gas company’s plea of assumption of risk- — and the only issue thereby made — was whether the decedent assumed the risk of the condition allegedly created by the defendant’s negligence, that is, the leakage and accumulation of liquid petroleum gas in the sewer main and lift station. This, then, was the “condition which created the peril” which, under applicable principles of law referred to above, the decedent must have had actual knowledge of in order “knowingly and voluntarily” to have assumed the risk thereof. From the evidence which the District Court summarized in its opinion and upon which it based its affirmance of the judgments of the circuit court, it affirmatively appears that the decedent was without actual knowledge of the peril of leaking gas and that therefore he could not have assumed the risk of such peril. Having determined to our satisfaction our jurisdiction based upon the evidence recited on the face of the District Court’s opinion, we have also, in reviewing the merits of the cause, considered the facts revealed by the record, and we find nothing therein to indicate that the jury had before it any direct evidence or any evidence from which it could reasonably have been inferred that the decedent had actual knowledge of a suspected leak in the gas company’s pipe line much less than he had knowledge that liquid petroleum gas had or might have accumulated in the sewer lift station.
No cases need be cited for the proposition that it is error to submit to the jury a defense not supported by substantial- evidence; and since, as noted above, the defendant in this case failed to prove an essential element of its defense of assumption of risk, we think the trial judge erred in refusing to withdraw from the jury’s consideration this defense upon the motion of plaintiff made at the close of all the evidence. Nor can we be as sanguine as was a majority of the appellate court that “the jury was neither confused by nor seriously considered the defense of assumption of risk.” One cannot read the majority opinion, and the supplementary facts revealed in the dissenting opinion, without concluding that the jury “seriously considered” the evidence adduced in support of this defense and may well have been confused thereby. In these circumstances, we think the ends of justice would be best served by remanding the cause for a new trial without confusing the issues of defendant’s negligence and the contributory negligence of decedent with the irrelevant one of assumption of risk — unless, of *196 course, new evidence can be uncovered to fill in the evidentiary gap in this defense discussed above.
For the reasons stated above, we think the decision here reviewed is in direct conflict with previous decisions of this court and, accordingly, it should be quashed and the cause remanded to the trial court for a new trial.
We therefore respectfully dissent from the majority view discharging the writ.
ROBERTS and DREW, JJ., concur.