GRIFFIN, Justice.
This is an appeal of a final order of dismissal of a tort action against Hazel Weathers in her representative capacity. The complaint, in pertinent part, alleged that:
4. Hazel Weathers was appointed the personal representative of the Estate of Leondos Burl Crossman and the estate is being administered in Citrus County, Florida, Case No. 93-41-CP.
5. The events which comprise the cause or [sic] action in this Complaint occurred in Citrus County, Florida.
6. On February 9, 1993, Plaintiff was on the residence of the decedent located in Citrus County, Florida, having been invited onto said property by the Personal Representative to look at tools and implements of the decedent for the possible purchase of said tools and implements by Plaintiff.
7. Defendant, her agents, servants or employees gave a circular saw to Plaintiff to test, prior to his purchasing the saw.
8. Defendant, her agents, servants or employees were negligent in giving the saw to the Plaintiff to be tested prior to purchase.
9. Plaintiff tested the saw on a piece of wood given to him by Defendant, her agents, servants or employees and while testing it, the saw backed up and cut Plaintiffs right thumb off at the first joint.
10. Defendant knew or in the exercise of due diligence should have known that the saw had a propensity to back up, or that the guard was malfunctioning or was modified so that it would not function when she, her agents, servants or employees handed it to Plaintiff for testing.
11. Defendant, her agents, servants or employees failed to warn Plaintiff that the saw she gave to Plaintiff to test was malfunctioning, or had a tendency to back up or that the blade guard was not working properly.
12. The Defendant, her agents, servants or employees failed to warn Plaintiff of the dangerous and defective condition of the saw.
13. As a result of the negligence of the Defendant, her agents, servants or employees, Plaintiff was injured when the saw jumped back and severed the thumb on Plaintiffs right hand at the first joint.
Weathers filed a motion to dismiss asserting:
1. The complaint fails to allege specific facts as to what capacity Defendant is being sued and further, whether she had somehow taken possession of the subject premises where the incident occurred or, alternatively, owned or controlled the subject circular saw at the time the incident occurred.
2. It is unclear from the allegations of the complaint as to whether Plaintiff has brought a cause of action against Leondos Burl Crossman through his duly appointed personal representative or, alternatively, Hazel Weathers, individually.
3. At the time the subject incident occurred, Leondos Burl Crossman was deceased and therefore, could not control, possess or otherwise “own” the subject circular saw; accordingly, this complaint should be dismissed since there exists no entity that could be legally liable for the incident that allegedly occurred.
The court held a hearing on Weathers’ motion. Although the hearing was not reported, the parties agree that the court dismissed the complaint with prejudice because only Weathers personally could be liable for the acts alleged in the complaint; the estate could not be held liable for her actions. We reverse.
At common law, the general rule was that an estate could not be held liable for torts committed by its personal representative. Herbert B. Chermside, Jr., Annotation, Liar- *692 bility of Estate for Tort of Executor, Administrator, or Trustee, 82 A.L.R.3d 892 § 2 p. 897 (1978).[1] Courts which adhered to this rule theorized that the personal representative had been given a naked trust, which should not be impaired by his wrongful acts. Id. Instead, the personal representative was held solely responsible to third parties although the personal representative, in turn, was entitled to indemnification from the estate to the extent he or she was without personal fault. See Harlan F. Stone, A Theory of Liability of Trust Estates for the Contracts and Torts of the Trustee, 22 Co-lum.L.Rev. 627 (1922).
Florida has altered the common-law rule by statute[2] to permit the estate to be held liable for the torts of its personal representative, provided the tort is committed in the “course of estate administration.” Durden v. Century 21 Compass Points, Inc., 541 So.2d 1264 (Fla. 5th DCA), review denied sub nom. Lepeska v. Durden, 548 So.2d 663 (Fla.1989). This new rule effectively places the risk of loss on the estate, not on injured third parties. If the personal representative is personally at fault, the estate has a claim for indemnification or contribution under traditional tort principles.
Although the trial court may have properly dismissed Schumann’s complaint because it lacked the requisite allegations of ultimate fact, this could not be done without giving leave to amend. Kovach v. McLellan, 564 So.2d 274 (Fla. 5th DCA 1990).
REVERSED and REMANDED.
GOSHORN and PETERSON, JJ., concur.

. The same general rules were applicable to trust estates. See, e.g., Smith v. Coleman, 100 Fla. 1707, 132 So. 198 (1931) (recognizing general rule of non-liability, but applying exception applicable in cases where trustee is charged with duty of carrying on business).

. Section 733.619, Fla.Stat. (1991) provides:
(2) A personal representative is individually liable for obligations arising from ownership or control of the estate or for torts committed in the course of administration of the estate only if he is personally at fault.
(3) Claims based ... on torts committed in the course of estate administration, may be asserted against the estate by proceeding against the personal representative in his fiduciary capacity, whether or not the personal representative is individually liable therefor.