CITY OF JACKSONVILLE BEACH, a municipal corporation, *Plaintiff in Error,* vs. LOLA MAY JONES, *Defendant in Error.*

Division B.

Opinion filed December 9, 1930.

Affirmed on rehearing April 4, 1931.

Petition for rehearing denied May 29, 1931.

*Lee M. Booth,* for Plaintiff in Error;

*Waybright & Royall,* for Defendant in Error.

BUFORD, J.—In this case the plaintiff, defendant in error here, sued the defendant, plaintiff in error here, for the wrongful death of her husband. The deceased was a police officer of the municipality, the City of Jacksonville Beach. He was killed by an explosion of dynamite set in a metal pipe by an employee of the City and discharged for the purpose of removing the pipe as an obstruction on the beach which was a street of the City.

There were pleas of assumption of risk and of contributory negligence.

The evidence shows conclusively that the deceased, Jones, at the time of and before the explosion of the dynamite by the employee of the City was present and observed what the employee was about to do and was doing. That he had full knowledge of the quantity and the manner in

which the dynamite was being used. It shows that he knew the dynamite was about to be discharged; that he knew how and in what manner it would be discharged and that, although he was a man thirty-seven years of age and occupied the position of a police officer, he was warned by the servant of the City about to discharge the dynamite of the danger and that he voluntarily disregarded the warning and remained in the vicinity where the dynamite was about to be discharged and was discharged. In this he was negligent and assumed the risk incident to remaining in the vicinity at such time.

The defendant sustained its pleas of contributory negligence and assumption of risk, for which reason the judgment should be reversed. See German-American Lumber Co. vs. Hannah, 60 Fla. 70, 53 Sou. 516; Fitzsimmons vs. Cesery, 61 Fla. 199, 55 Sou. 465; Loftin v. Jacksonville Electric Co., 61 Fla. 293, 54 Sou. 959; Cooperative Sanitary Baking Co. vs. Shields, 71 Fla. 110, 70 Sou. 934; Wauchula Mfg. Co., vs. Jackson, 70 Fla. 596, 70 Sou. 599; Magee vs. Frederickson, 91 Fla. 1078, 109 Sou. 197; Cummer Lumber Co. vs. Silas, 98 Fla. 1158, 125 Sou. 372. It is so ordered

Reversed.

WHITFIELD, P.J., AND STRUM, J., concur.

TERRELL, C.J., AND ELLIS, AND BROWN, J.J., concur in the opinion and judgment.

---

ON RE-HEARING.

Opinion filed April 4, 1931.

1. Contributory negligence and assumption of risk are affirmative defenses and when available they should be specially pleaded and proved.

2. The only exception to the rule that contributory negligence is an affirmative defense which to be available should be

specially pleaded and proved is where plaintiff permits contributory negligence to be shown without objection under other pleas, or where the alleged contributory negligence appears affirmatively in the case made by the plaintiff.

3. As a general rule, the doctrine of assumption of risk pertains to controversies between masters and servants, though circumstances may arise between parties other than masters and servants when the doctrine may apply.

4. The defense of assumption of risk is never available unless it rests upon contract, or, if not exclusively on contract, then on an act done so spontaneously by the party against whom the defense is invoked that he was a volunteer, and any bad result of the act must be attributed to the exercise of his free volition instead of the conduct of his adversary.

5. The word "assumption" imports a contract or some kindred act of an unrestrained will.

6. Whenever a man does anything dangerous he encounters the risk, but it by no means follows that, legally speaking, he assumes the risk.

7. Where no sufficient showing of contributory negligence appears in the plaintiff's evidence to bar a recovery, and contributory negligence as a defense in the case has not been specially pleaded by the defendant, and the doctrine of assumption of risk is not applicable to the basis of recovery relied on in the declaration in an action at law, the judgment must be affirmed where the facts in evidence sufficiently sustain a charge of negligence on the part of the defendant municipality in using dynamite to remove an obstruction from its city street, which dynamite is shown by the evidence to have had an explosive characteristic greatly in excess of the necessities of the case, in consequence of which the husband of the plaintiff was killed by fragmentation from the explosion.

Writ of Error to the Circuit Court of Duval County.

Judgment for plaintiff and defendant appeals.

George Couper Gibbs, Judge.

Affirmed on re-hearing.

BUFORD, C.J., AND ELLIS, J., dissent.

*Lee M. Booth,* of Jacksonville, for Plaintiff in Error;

*Edgar W. Waybright* and *James Royall,* of Jacksonville, for Defendant in Error.

PER CURIAM.—In this case a re-hearing was granted on the ground that the specific negligence charged in the third count of plaintiff's declaration was alleged to consist of the use of an excessive quantity of dynamite to remove a hollow pipe from a portion of the ocean beach which was a part of the city street whereon the husband of plaintiff, a police officer, was standing when instantly killed by fragmentation caused by the explosion which scattered portions of the metal pipe for long distances in every direction, and even into the inhabited portion of the town, within whose boundaries the explosion took place.

It appears from the record that as to this particular count of the declaration the only issue made was that of not guilty and that arising from a special plea denying that the alleged servant of the municipality—the city engineer, was authorized or directed by the town authorities to use dynamite for blasting out the pipe in question which it was desired by the authorities to have removed as an obstruction to traffic on the beach.

While a plea of contributory negligence applicable to all three counts of the declaration had been originally filed by the defendant, it appears that this plea, so far as it was interposed as a defense to the third count of the declaration, had been stricken out by order of the court on motion of the plaintiff. No attempt to plead anew was made and no error is assigned on striking. the plea as originally filed. In consequence, the case was tried entirely, as to the third count of the declaration, on the plea of not guilty and plea denying agency.

In this State contributory negligence and assumption of risk are affirmative defenses and when available they should be specially pleaded and proved. King v. Cooney-

Eckstein Co., 66 Fla. 246, 63 So. 659; Ann. Cas. 1916 C. 163.

The only exception to this rule is where plaintiff permits contributory negligence to be shown without objection under other pleas, or where the alleged contributory negligence appears affirmatively in the case made by the plaintiff. S.A.L. Ry. Co. v. Good, 79 Fla. 589, 84 So. 733; Warfield v. Hepburn, 62 Fla. 409, 57 So. 618; Tampa & G. C. R. O. vs. Lynch, 91 Fla. 375, 108 So. 560; Southern Express Co. v. Williamson, 66 Fla. 286, 63 So. 433.

As to the defense of assumption of risk this Court has held:

"As a general rule, the doctrine of assumption of risk pertains to controversies between masters and servants, though circumstances may arise between parties other than masters and servants when the doctrine may apply; but such defense is never available unless it rests upon contract; 'or if not exclusively on contract, then, on an act done so spontaneously by the party against whom the defense is invoked that he was a volunteer, and any bad result of the act must be attributed to an exercise of his free volition, instead of to the conduct of his adversary. * * * The word 'assumption' imports a contract, or some kindred act of an unconstrained will. *Whenever a man does anything dangerous he encounters the risk, but it by no means follows that legally speaking he assumes the risk.*" (Emphasis ours).

Cooney-Eckstein Co. vs. King, 69 Fla. text 254.

The evidence shows that the charge of dynamite used to remove the pipe was so great that although plaintiff's husband was standing well away from the explosion a distance of more than 200 feet, that a fragment of the iron pipe struck him in the side making a jagged wound

which went through his liver and top of the right kidney, tore a hole in the abdominal aorta, injured the pancreas, tore off the top of duodenum which is a part of the intestine, and passed through the left kidney and then emerged on the left side of the body between the tenth and eleventh ribs, producing almost instant death.

It was also shown by disinterested witnesses that the force of the explosion was so great that pieces of debris from the shattered pipe were thrown for great distances, in some instances, between five and six hundred feet from the place where the dynamite was discharged.

Indeed, insofar as the third count of the declaration was concerned the defendant municipality seemed to rest its defense almost entirely upon the proposition that the act of one H. W. Smith in setting off the dynamite to remove the pipe in question, was not the performance of an act within the authority, or apparent scope of the authority, of said Smith as an agent, servant or employee of the municipality of Jacksonville Beach.

The evidence in the record is sufficient to show negligence on the part of Smith in using under the circumstances here disclosed, dynamite having an explosive characteristic greatly in excess of the necessities of the case, as alleged in the third count. It is also sufficient to show if believed by the jury, that Smith was acting within the implied scope of his authority as a city employee in using dynamite for the purpose of removing the pipe as an obstruction to traffic on the beach which was a part of the city street.

The jury having found the facts in the case against the defendant and there being no issue of contributory negligence raised by way of special defense to the third count, and no sufficient showing of such contributory negligence

appearing in the plaintiff's evidence as to bar a recovery, and the doctrine of assumption of risk not being applicable to the basis of recovery relied on under the third count it appears that upon further consideration, after rehearing, the judgment should be affirmed.

Affirmed on re-hearing.

BUFORD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BROWN, J., concurs in the opinion and judgment.

BUFORD, C.J., AND ELLIS, J., dissent.