STURGIS, Judge.
The unsuccessful plaintiff in a negligence action to recover damages for personal injuries appeals from a judgment for defendant entered pursuant to verdict of the jury and following denial of plaintiff’s motion for a new trial.
The complaint charged that the plaintiff, Willie Fowler, was employed as a welder by Brennan Iron Works on a job which that concern was doing for and on the premises of the defendant, Liquid Carbonic ■Corporation; that while engaged on that job plaintiff slipped and fell on a concrete platform located on defendant’s premises, thereby sustaining injuries to his person; and that said injuries proximately resulted from the failure of defendant to provide plaintiff a safe place in which to work. It is specifically alleged that a water cooling tower was located on the premises, from which water was permitted to escape onto a concrete platform surrounding the tower, and thence to flow across the platform; that the platform was made slippery by the water flowing thereon, thus producing a latent dangerous condition which the defendant knew or should have known to exist; that plaintiff slipped and fell when, in the course of performing the duties of his employment for the third party— Brennan Iron Works — he stepped over a pipe installed on the premises and onto the water-covered concrete platform.
Appellee’s defenses (1) denied the alleged negligence and its consequence; (2) charged plaintiff with contributory negligence; and (3) asserted that plaintiff assumed the risk. Motion of the plaintiff to strike the third defense was denied after all the evidence was in. Appellee’s motion for a directed verdict, made at the close of the evidence, was denied. The jury returned a verdict of not guilty. Plaintiff’s motion for a new trial was denied, final judgment for defendant was entered, and plaintiff appeals.
Two points are presented for determination: (1) whether the trial court erred in refusing to strike defendant’s plea of assumption of risk and in charging the jury upon the issue raised thereby; (2) whether the evidence is sufficient to support the verdict and judgment for defendant.
The undisputed evidence reflects that plaintiff was one of a number of employees of Brennan Iron Works engaged in a job it was performing under a contract with Liquid Carbonic Corporation, the defendant, calling for alterations and repairs on defendant’s premises. Prior to the alleged injury plaintiff had worked in and around an area paved with concrete, which surrounded defendant’s water cooling tower. According to plaintiff’s testimony, water had been flowing continuously over that area for four or five weeks “to the best” of his knowledge. Permanently installed in ■the concrete platform and in plain view *51 was a pipe that was elevated substantially above the floor level of the platform. During his period of work on defendant’s premises, plaintiff had stepped over the installed pipe several times. He regularly walked across the wet platform several times each day, but plaintiff, who was the only witness to the accident, testified that he had never stepped over the installed pipe at the particular spot where he fell.
Plaintiff also testified that when he fell he was in the act of carrying a hot piece of pipe, on which he was working, to a point under the water cooling tower where he intended to cool it off in a pool of water located there; that he walked across the concrete area over which the water was flowing and, after tossing the pipe in the pool of water under the tower, stepped over the installed standing pipe with his left foot and then, upon taking one step on his right foot, slipped and fell; that after lying prone for several minutes in the process of getting up, he placed his hand down on the concrete at approximately the point where his foot slipped and at that time observed that it was “slippery, kind of slime like * * * it was a slippery place.”
It would serve no useful purpose to burden this opinion with a résumé of plaintiff’s testimony regarding his knowledge of the premises, and especially his acquaintance with the condition of water flowing over the surface of the concrete platform and the existence of the installed pipe. Suffice it to say that his testimony on the whole was such as to fairly present to the jury the question of whether he had knowledge of and assumed the risk of the allegedly dangerous condition to which he attributes the alleged injury. It follows that the trial court was not in error in refusing to strike the third plea and in instructing the jury with the law applicable to the doctrine of assumed risk.
In so holding we recognize and cleave to the distinction between the affirmative defenses of contributory negligence and assumption of risk. See Byers v. Gunn, Fla. 1955, 81 So.2d 723, 727; 23 Fla.Jur., “Negligence”, Sec. 70, page 311. We are also conscious of the limitations surrounding the application of the doctrine of assumed risk as enunciated in Cooney-Eckstein Co. v. King, 69 Fla. 246, 67 So. 918, and followed in City of Jacksonville Beach v. Jones, 101 Fla. 95, 96, 131 So. 369, 133 So. 562. Those cases support the proposition that the doctrine of assumption of risk generally pertains to controversies between masters and servants, though applicable under special circumstances to other parties. Without exception the cases seem to hold that the defense is not available unless it rests (a) on contract, or (b) on an act done so purposefully by the party against whom the defense is invoked that he was a volunteer, so that any bad result of the act must be attributed to an exercise of his free volition, instead of the conduct of his adversary. And it is pointed out that “whenever a man does anything dangerous, he faces the risk, but it by no means follows that, legally speaking, he assumes the risk.” Fillingham v. St. Louis Transit Co., 102 Mo.App. 573, loc. cit. 580, 77 S.W. 314, loc. cit. 316. For general discussions of the subject see: Bohlen, Voluntary Assumption of Risk, 1906, 20 Harv.L.Rev. 14, 91; Paton, Some Problems Relating to Volenti Non Fit Injuria, 1940, 9 Brook.L.Rev. 132; Keeton, Assumption of Risk and the Landowner, 1942, 20 Tex.L.Rev. 562; Keeton, Personal Injuries Resulting from Open and Obvious Conditions, 1952, 100 U.Pa.L.Rev. 629; James, Assumption of Risk, 1952, 61 Yale L.J. 141.
It may be that the jury in this case decided for the defendant on one or both of the issues presented by the first and second defenses, as well it might have done under the evidence. However, the facts are such that the jury would have been fully warranted in concluding, as might have been the case, that the plaintiff voluntarily entered into a situation involving an obvious and known danger, thus impliedly assuming the risk of injury and *52 relieving the defendant of responsibility. See Prosser on Torts, Sec. 55, page 303.
We find no merit in the contention that the verdict is contrary to the evidence.
Affirmed.
WIGGINTON, Chief Judge, and CARROLL, DONALD K., J., concur.