PER CURIAM.
Plaintiff appeals from a final summary judgment for the defendant, Maulé Industries, Inc.
Plaintiff sued the defendant for damages allegedly caused by its negligence. Defendant answered and alleged, inter alia, the defenses of contributory negligence and assumption of risk. After some discovery the defendant moved for and was granted a summary final judgment. The plaintiff has appealed.
The question on appeal is whether the trial court erred in ruling, and holding, as a matter of law that the plaintiff assumed the risk created by the negligence of the defendant. The trial judge stated “the record * * * establishes that he (plaintiff) assumed the risk here.”
The essential elements of the doctrine of assumption of risk are voluntariness of exposure to danger and knowledge and appreciation of the danger. 23 Fla. Jur. Negligence § 70 and Bartholf v. Baker, Fla.1954, 71 So.2d 480.
Plaintiff concedes that the holding of the trial court may have been proper as to the voluntariness of exposure and knowledge of the danger. He argues that there was no evidence presented to show that he appreciated the nature, character and extent of the danger involved. We concur. While there may have been some evidence that plaintiff appreciated the danger involved we do not find that this necessary element was conclusively established by the defendant. See Bartholf, supra. A motion for summary judgment should be denied where the moving party fails to conclusively establish that there is no genuine issue of material fact. Holl v. Talcott, *744 Fla.1966, 191 So.2d 40; Shollenberger v. Baskin, Fla.App. 1969, 227 So.2d 79; Chirico v. Dew, Fla.App.1959, 113 So.2d 597; and Warring v. Winn-Dixie Stores, Fla.App. 1958, 105 So.2d 915.
There remains in this cause a genuine issue of material fact as to whether the plaintiff appreciated the danger involved because the defendant did not conclusively carry its burden of establishing this element in its motion for summary judgment.
Having determined that the summary final judgment was improperly rendered, there is no need to comment on the other points plaintiff relies upon for reversal.
The summary final judgment for the defendant is reversed and the cause remanded for further action consistent herewith.
It is so ordered.