BARKDULL, Chief Judge.
The appellant issued a homeowners insurance policy to the appellee, Joseph Sawyer. The policy contained the following provisions covering accidental injury to another :
* * * * * *
“1. Coverage E — Personal Liability
“(a) Liability: To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury.or property damage, and the Company shall defend any suit against the Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the Company may make such investigation and settlement of any claim or suit as it deems expedient.”
* * * * * *
It also had the following exclusion for intentional injury:
* * * * * *
“Special Exclusions
******
“(c) Under Coverages E and F, to bodily injury or property damage caused intentionally by or at the direction of the Insured;”
******
*203 The insured became involved with an altercation with one Robert Blakely. He intentionally discharged a firearm at Blakely. A missile therefrom struck a minor in the vicinity, killing him. Suit was brought by the mother of the minor against Sawyer and the appellant, as his insurance carrier. Both parties moved for a summary judgment, the insurance carrier contending it was entitled to' a summary judgment on liability in its favor, finding no coverage because the act of Sawyer was an intentional one, citing: Roberts v. R & S Liquor Stores, Inc., Fla.App.1964, 164 So.2d 533; Stout v. Grain Dealers Mut. Ins. Co., 4th Cir. 1962, 307 F.2d 521. The mother of the deceased moved for a summary judgment, contending that there was coverage because the act of the insured was intentional as to Blakely but accidental as directed against her deceased son, citing: Cloud v. Shelby Mutual Insurance Company of Shelby, Ohio, Fla.App.1971, 248 So.2d 217; Smith v. Moran, 61 Ill.App.2d 157, 209 N.E.2d 18, 1965; Eisenman v. Hornberger, 438 Pa. 46, 264 A.2d 673, 1970; State Farm Mutual Automobile Insurance Company v. Worthington, 8th Cir. 1968, 405 F.2d 683.
The trial court rendered a summary judgment in favor of the mother of the deceased and adverse to the insurance, holding as a matter of law that the actions of Sawyer were unintentional and therefore there would be coverage under the policy. We reverse.
It is an issue to be determined by the trier of the fact as to whether or not the killing of the minor was an intentional or unintentional act. This is a material issue which should be submitted to a jury and not determined at a summary judgment hearing. Holl v. Talcott, Fla.1966, 191 So.2d 40; Shollenberger v. Baskin, Fla.App.1969, 227 So.2d 79; Lora v. Maule Industries, Inc., Fla.App.1970, 235 So.2d 743; see George v. Stone, Fla.App.1972, 260 So.2d 259 (opinion filed April 7, 1972). Obviously, the question of coverage is dependent on a resolution of this issue and, under the circumstances, it would appear that it would be appropriate for the trial judge to sever this issue prior to the main trial proceedings. Beta Eta House Corp. of Tallahassee v. Gregory, Fla.1970, 237 So.2d 163; Stecher v. Pomeroy, Fla.1971, 253 So.2d 421.
Reversed and remanded, with directions.