321 So.2d 106 (1975)
Raymond C. PARKER, Sr., and Patricia A. Parker, His Wife, Appellants (Plaintiffs),
v.
MAULE INDUSTRIES, INC., a Florida Corporation, Appellee (Defendant).
No. V-274.
District Court of Appeal of Florida, First District.
October 29, 1975.
Anthony I. Provitola and Michael McDermott, of Provitola & McDermott, Deland, for appellants.
Alfred A. Green, Jr., of Green, Strasser & Hammond, Daytona Beach, for appellee.
MILLS, Judge.
Plaintiffs seek review of an adverse final judgment entered in a negligence action following a jury trial.
*107 The issue here is whether the trial court erred in giving the jury Florida Standard Jury Instruction 3.8 which charged the jury that assumption of the risk was a complete bar to plaintiffs' recovery. The trial court erred.
Plaintiffs' complaint alleges that defendant negligently operated a truck so as to cause plaintiff Parker to fall from it and suffer injuries. Defendant's answer denies negligence and affirmatively charges Parker with contributory negligence and assumption of the risk.
In our opinion, the defense of assumption of the risk is no longer a complete bar to a plaintiff's recovery. Assumption of the risk should be treated as a special form of and merged with contributory negligence. If the legal cause of injury to a plaintiff is a combination of the defendant's negligence and the plaintiff's assumption of the risk, the amount of the recovery would be in proportion to the degree of the negligence of both parties. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), and Rea v. Leadership Housing, Inc., 312 So.2d 818 (Fla.App. 4th, 1975).
We are aware that the Third District took a contrary position in Dorta v. Blackburn, 302 So.2d 450 (Fla.App. 3d, 1974), however, we adopt the position taken by the Fourth District in Rea, supra, as it is consistent with the rationale of Hoffman, supra, adopting comparative negligence.
Reversed and remanded for a new trial consistent herewith.
McCORD, J., concurs.
BOYER, C.J., dissents.
BOYER, Chief Judge (dissenting).
I must respectfully dissent. The Supreme Court of Florida carefully and clearly declined to rule on the point here involved in its landmark decision in Hoffman v. Jones (Sup.Ct.Fla. 1973, 280 So.2d 431). Many, if not most, of the other jurisdictions which have adopted the doctrine of comparative negligence still recognize the doctrine of assumption of the risk as a valid defense and a bar (upon proof) to a plaintiff's recovery. (See Dorta v. Blackburn, Fla.App. 3rd 1974, 302 So.2d 450 and cases therein cited) There is, in my view, a distinction between contributory negligence and assumption of risk. (See Byers v. Gunn, Sup.Ct.Fla. 1955, 81 So.2d 723 and Rea v. Leadership Housing, Inc., Fla.App. 4th 1975, 312 So.2d 818) The fact that the difference is sometimes difficult to distinguish is no novelty to the law. We are faced with such "gray areas" virtually daily.
In my view, assumption of risk is, and ought to be, when properly defined and proven, a complete defense and bar in an action based on negligence. (I conceive a distinction between an action based upon negligence and an action based upon an intentional tort.) The point can best be demonstrated by a not so absurd example:
Assume Mr. Persistent requests his friend and neighbor, Mr. Goodhearted to drive him (Mr. Persistent) home from a party. Goodhearted explains to Persistent that he would very much like to accommodate him, but for various reasons feels that he should not do so. Persistent persists and becomes beligerent. Finally, Goodhearted, a lawyer, says:
"All right, I have explained to you that my vision is poor and my glasses are broken. I am slightly intoxicated and my reflexes have become impaired. The tires on my car are slick and my brakes defective. The weather is inclement and the traffic heavy. Since you insist and since I am your friend I will drive you home, exercising my very best ability, but I tell you now that if there is an accident you have assumed the risk and I will not be responsible for any damages sustained by you."
Persistent accepts the requested ride and sure enough there is an accident in which Persistent is seriously injured. Except for *108 the simple act of voluntarily getting into Goodhearted's automobile, following the conversation above mentioned, there is no other evidence of any negligence on the part of Persistent. Under such circumstances, unless the accident resulted from a tort intentionally committed by Goodhearted, I cannot conceive under any system of justice how Persistent could be permitted to recover. If the defense under such circumstances is not to be referred to as "assumption of the risk" what other terminology might be employed?
As above stated, I am of the view that assumption of risk not only is but ought to be a viable valid complete defense in an action based on negligence. As of this date, the Supreme Court of Florida has not ruled on the point. There is a conflict among the other District Courts of Appeal. Until such time as the Supreme Court of Florida specifically rules to the contrary or until such time as the legislature speaks on the subject, I would honor the doctrine.