332 So.2d 34 (1976)
George E. MANASSA, Jr. and Marian Manassa, His Wife, Appellants,
v.
NEW HAMPSHIRE INSURANCE COMPANY and Colonial Point of Jacksonville, Inc., Appellees.
No. X-465.
District Court of Appeal of Florida, First District.
April 28, 1976.
Rehearing Denied June 3, 1976.
*35 Henry M. Searcy of Howell & Searcy, Jacksonville, for appellants.
Carle A. Felton, Jr., of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellees.
McCORD, Judge.
This is an appeal from a final judgment in favor of appellees, defendants, in the court below, and a cross-appeal by appellees. Appellants sought damages sustained when appellant George Manassa slipped on leaves and fell while playing tennis on the tennis court of an apartment complex owned by appellee Colonial Point of Jacksonville, Inc. (hereafter referred to as Colonial Point). Appellants had been invited to play on the court by tenants of Colonial Point. They had never played tennis before and did not pay any attention to or notice whether or not there were leaves on the court. Their tennis companion, however, testified that there were a few scattered leaves all over the playing area; that they were "kind of widely spread" and were very obvious. The accident occurred on a Sunday in February, and the evidence shows that the trees around the court shed leaves throughout the late fall and winter months and that the leaves build up on the court. Sixteen days prior to this accident, a tenant of the apartment complex had slipped on leaves on the court and broken his wrist. He reported the accident to the management and observed that for about a week the leaves were cleared but were allowed thereafter to accumulate again. The resident manager who occupied that position at the time of both accidents, and her husband who assisted her, testified that they were aware of the first accident and the leaf buildup problem but were unable to keep the courts cleared because their supervisors would not provide sufficient funds to keep the leaf machine in repair or to hire weekend grounds keepers. The head groundsman testified that the machine was in repair at the time of the accident and that he kept the court cleared but that maintenance men did not work on weekends and the machine and brooms were kept in a locked shed. The manager had recommended to the owner that warning signs be posted to warn of the dangerous condition caused by the leaves on the court but none were posted.
The trial court charged the jury on assumption of risk, and the jury returned a verdict for defendants-appellees. Appellants contend the court erred in giving the assumption of risk charge. In view of this court's opinion in Parker v. Maule *36 Industries, Inc., Fla.App. (1st), 321 So.2d 106 (1975), the giving of such charge was error and requires reversal. There we held that the defense of assumption of risk is no longer a complete bar to a plaintiff's recovery; that it should be treated as a special form of and merged with contributory negligence since we now have the doctrine of comparative negligence enunciated in Hoffman v. Jones, Fla., 280 So.2d 431 (1973).
On their cross-appeal, appellees contend that appellants failed to establish a prima facie case on the issue of Colonial Point's negligence in maintaining a dangerous condition of leaves on the tennis court and that the court erred in not granting appellees' motions for directed verdict made at the close of appellants' case and at the close of all the evidence. We disagree. The evidence presented an issue of fact under the doctrine of comparative negligence. It was Colonial Point's duty to exercise ordinary or reasonable care to see that its tennis court was reasonably safe for its invitee's use, Winn-Dixie Montgomery, Inc. v. Petterson, Fla.App. (1st), 291 So.2d 666 (1974). The question of whether or not Colonial Point exercised such care under the circumstances of this case was for the jury to determine.
Reversed and remanded for a new trial.
BOYER, C.J., concurring specially.
RAWLS, J., dissents.
BOYER, Chief Judge (concurring specially).
I am yet of the view that assumption of risk is and ought to be, a complete defense in an action based on negligence. (See dissent in Parker v. Maule Industries, Inc., Fla.App. 1st 1975, 321 So.2d 106). However, a majority of a panel of this Court has held to the contrary, thereby establishing the law binding on this Court unless and until the Supreme Court of Florida holds otherwise. If the giving of the charge on assumption of risk was error, I cannot agree with my brother Rawls that it was harmless. Accordingly, following Parker v. Maule Industries, Inc., supra, I concur in the opinion authored by my brother McCord.
RAWLS, Judge (dissenting).
It is my view that the trial court's instruction of assumption of risk under the facts of this case was harmless error.
I would affirm the final judgment rendered upon the jury's verdict.