SMITH, Judge.
Appellant Danette S. Quina, a minor, was injured when her long hair became entangled in the drive chain of a go-cart she operated at appellee’s track. In the ensuing action by Danette and her father for money damages, appellee pleaded affirmatively the defense of assumption of risk as well as that of contributory negligence. On consideration of appellee’s motion for directed verdict, the trial court refused to withdraw the issue of assumption of risk from the jury’s consideration; and the court charged the jury, if Danette assumed the risk, it would entirely bar her recovery. The jury returned a verdict for defendant and a judgment was entered on the verdict.
While the trial court’s charge on assumption of the risk was contrary to our later decision in Parker v. Maule Industries, Inc., 321 So.2d 106 (Fla.App.1st, 1975), cert, pending, we would not reverse for that error alone because appellants’ objection to the charge was not specific, as required by Young v. Phillips Petroleum Co., 333 So.2d 87 (Fla.App.1st, 1976). Neither was the objection accompanied by a requested charge which appellants conceived would be appropriate, if the issue were to be submitted at all. But we find that there is no evidence in the record from which the jury could properly have found that Danette “more or less deliberately” and willingly exposed herself to the specific risk which resulted in her injury. The issue of assumption of risk should not have been submitted to the jury for any purpose. Byers v. Gunn, 81 So.2d 723 (Fla.1955). See also Brady v. Kane, 111 So.2d 472 (Fla.App.3d, 1959); Bartholf v. Baker, 71 So.2d 480 (Fla. 1954); City of Jacksonville Beach v. Jones, 101 Fla. 96, 133 So. 562 (1931). Contra, Crosier v. Joseph Abraham Ford Co., 150 So.2d 499 (Fla.App.3d, 1963), cert. den. 155 So.2d 693 (Fla.1963).
REVERSED.
McCORD, Acting C. J., and MILLS, J., concur.